ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| SIERRA CLUB, et al.,<br><br>                  Petitioners,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.,<br><br>                  Respondents. | NO. 20-1317<br><br>(Consolidated with Nos. 20-1318, 20-1431, and 21-1009) |

**JOINT PROPOSAL FOR BRIEFING FORMAT**

The parties in these consolidated cases respectfully submit this briefing format proposal in response to this Court's July 18, 2023 Order. (ECF#2008381.)

**A. Background**

In these consolidated cases, three distinct sets of petitioners challenge the "Hazardous Materials: Liquefied Natural Gas by Rail" rule (the Rule) promulgated by respondents Pipeline and Hazardous Materials Safety Administration (PHMSA) and U.S. Department of Transportation (DOT). 85 Fed. Reg. 44,994 (July 24, 2020). Petitioners consist of six environmental non-profit groups (Environmental Petitioners) (No. 20-1317), fourteen States and the District of Columbia

1

(the State Petitioners) (No. 20-1318), and the Puyallup Tribe of Indians (the Tribe) (No. 20-1431). The Tribe also seeks review of respondents' denial of its administrative petition for reconsideration of the Rule (No. 21-1009).

The Rule, promulgated in 2020, amends the federal Hazardous Materials Regulations to allow for the bulk transport of liquefied natural gas (LNG) by rail nationwide. In February 2021, this Court granted PHMSA's motion to hold the petitions in abeyance. On July 18, 2023, this Court removed the cases from abeyance and ordered the parties to submit briefing format proposals.

**B. Proposed Briefing Schedule and Format**

The table below sets forth Petitioners' briefing format proposal. Following the table is a discussion explaining Petitioners' rationale for each aspect of the proposal, along with Respondents' position:

| Brief(s) | Word Allocation Proposed by Petitioners | Deadline |
|---|---|---|
| Petitioners' Opening Page-Proof Briefs (3 briefs) | 30,000 words total<br>Estimated allocations:<br>Tribe: 13,000 words<br>States: 8,500 words<br>Envt'l: 8,500 words | October 13, 2023 |

2

| Respondents' Opening Page-Proof Brief | 30,000 words | December 13, 2023 |
| --- | --- | --- |
| Petitioners' Reply Page-Proof Briefs (3 briefs) | 15,000 words total Estimated allocations: Tribe: 5,000 words States: 5,000 words Envt'l: 5,000 words | January 19, 2024 |
| Joint Appendix | | February 2, 2024 |
| Final Briefs | | February 9, 2024 |

1. **Number of Briefs**

Petitioners request permission to file three separate briefs, one for each set of petitioners: the Environmental Petitioners, the States and the Tribe. The three groups of petitioners are coordinating and will endeavor to avoid unnecessary repetition of facts or arguments, but each group of petitioners has different perspectives and interests in the matter and represents different constituencies.

- **The Tribe** represents the interests of its members and its homeland. The Tribe has a unique perspective on this litigation because an LNG plant has recently begun operating on its reservation border. LNG from this plant cannot reach any other location in North America by land without traversing the Tribe's homeland. In marketing materials, the

3

plant's owners have touted the fact that there is a rail spur leading directly to the plant. More than 77% of the Tribe's homeland—including many of its economic, natural, and cultural resources—is within one mile of the rail lines connected to the LNG plant's rail spur. As a distinct sovereign nation, the Tribe is entitled to separately assert and protect the interests of its members and to preserve the remnants of its once-vast homeland, which face a serious risk of destruction because of the Rule. *See, e.g., Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130, 140 (1982). The Tribe has raised unique issues not raised by the other parties, including the adequacy of Respondents' consultation with the Tribe regarding the Rule, Respondents' denial of a subsequent administrative appeal, a dispute over the content of the administrative record in this litigation, and Respondents' failure to adequately consider the rule's distinct and disparate impacts on the Tribe (as required by statute and executive orders).

- **The States** commenced this proceeding to protect their residents and natural resources from the risks posed by the unsafe transportation of LNG by rail. The Rule allowing bulk transport of LNG by rail before adequate safety studies are completed creates unacceptably high risks to the States' residents and natural resources from possibly catastrophic derailments. Additionally, the States are concerned that PHMSA's failure to consider the upstream and downstream greenhouse gas emission impacts of allowing bulk transport of LNG by rail nationwide violates the National Environmental Policy Act (NEPA) and could frustrate implementation of State laws setting emissions reduction targets. Recognizing the unique role played by States in administrative litigation, this Court routinely allows state petitioners to file separate briefs from other petitioners. *See, e.g.,* D.C. Cir. R. 28(d)(4).

- **The Environmental Petitioners** are dedicated to protecting public health, including that of their members, and the environment from the risk of unsafe transportation of

LNG by rail. Collectively, they have millions of members throughout the country who live, work, or recreate in areas that could be adversely affected by any train derailment or other accident. The Environmental Petitioners have broad expertise in a variety of legal issues relevant to these cases and have participated extensively in the rulemaking process.

Respondents do not object to Petitioners' proposal to file three briefs.

**2. Schedule for Briefing**

Petitioners propose a schedule that is appropriate for a case of this complexity, giving each side approximately 60 days for opening briefs and giving petitioners' more than 30 days for reply briefs to account for the intervening winter holidays.

Respondents do not object to the proposed schedule, but note that Petitioners will have 87 days from the lifting of the abeyance until the due date for their opening brief(s) and Respondents reserve the right to seek an extension of time given the lengthy review process within the Department of Justice, the Department of Transportation, and PHMSA.

## 3. Petitioners' Statement Regarding Proposed Word Allocation

Mindful of our obligation to avoid repetitive briefing, petitioners seek a combined allocation for opening briefs of 30,000 words. This number is substantially less than the 39,000 words petitioners would otherwise be allowed by Federal Rule of Appellate Procedure 32(a)(7). It is also reasonable given the diverse, complex issues at play in these proceedings.

As a threshold issue, each group of petitioners will need to establish that they have standing to challenge the Rule. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Because petitioners' standing is not necessarily "self-evident," they will need to include standing arguments in their opening briefs. *See, e.g., Public Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1289 (D.C. Cir. 2007). Accordingly, each group of petitioners expects to dedicate a substantial number of words to their standing arguments. Petitioners anticipate that the standing arguments and other preliminary matters, such as the statement of jurisdiction, statement of the case, summary of argument, and standard of review, will require a total of 12,000 words divided

between three briefs. Notably, Respondents have no obligation to challenge Petitioners' standing and thus can more easily accommodate a reduced word count by omitting any arguments about standing.

On the merits, the petitioners have identified at least five core legal issues shared by all the petitioners:

(1) Whether the Rule is inconsistent with the substantive requirements of the Hazardous Materials Transportation Act, including PHMSA's duty to ensure "safe transportation." 49 U.S.C. § 5101, *et seq.*;

(2) Whether the Rule is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law due to PHMSA's failures to adequately consider the available safety evidence or wait for additional safety data, in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706 *et seq.*;

(3) Whether the Rule violates NEPA because PHMSA did not prepare an Environmental Impact Statement or adequately consider the environmental, health, and safety risks of the Rule;

(4) Whether the Rule violates NEPA because PHMSA did not consider the disparate impacts on environmental-justice communities;

(5) Whether the Rule violates the procedural notice-and-comment and public participation requirements of the APA and NEPA by including a new tank car design with additional and different design characteristics than those included in the proposed rule.

Each of these arguments will be highly record-dependent and will likely require several thousand words to fully brief. Petitioners will avoid, to the greatest extent possible, making the same or substantially overlapping arguments in their briefs. However, each group of petitioners has unique insights and arguments into these issues that may require separate arguments. For example, with respect to arguments that respondents failed to comply with NEPA, the Tribe intends to raise environmental justice arguments regarding the Rule's disparate impacts on the Tribe. *See Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, 255 F. Supp. 3d 101, 140 (D.D.C. 2017). Accordingly, petitioners anticipate that each core legal issue will require

approximately 4,000 total words, for a total of 20,000 words devoted to the core legal issues.

In addition to the five core issues, the Tribe has raised several issues unique to it, which it will need to include in its brief:

(6) Whether PHMSA failed to engage in meaningful government-to-government consultation with the Tribe before promulgating the Rule, in violation of the National Historic Preservation Act, 54 U.S.C. § 302706, and Executive Order 13175 and related DOT directives. A rough draft of this argument alone by the Tribe already exceeds 5,000 words, in addition to a fulsome recitation of supporting facts which are not pertinent to the other petitioners' arguments but which must be included in the Tribe's statement of facts. This Court's ruling on the consultation issue will potentially impact the rights of every Indian Tribe in the United States and thus must be based on thorough and complete briefing.

(7) Whether the administrative record should be supplemented to include additional materials submitted by the Tribe. Although the Tribe previously filed a separate motion seeking this relief,

this Court referred the motion to the merits panel and ordered the Tribe to include the motion, without incorporating the prior motion by reference, in its merits brief. (ECF#1881148.) Opening and reply briefing on the procedural motion totaled more than 5,500 words. The Tribe anticipates it can bring this number down to 4,000 words in its brief.

In addition to the five core issues, the Environmental Petitioners have also raised a unique issue that they will need to include in their brief:

(8) Whether PHMSA violated section 7 of the Endangered Species Act (ESA), 16 U.S.C. § 1536, by failing to consult with the U.S. Fish & Wildlife Service and/or the National Marine Fisheries Service to ensure the Rule would not jeopardize any species protected under the ESA. Environmental Petitioners anticipate this argument will require up to 500 words.

The estimated word counts listed above total 41,500 words. However, petitioners will coordinate and consolidate arguments to ensure that the total word count is no more than 30,000. In consolidated administrative review proceedings of similar or lesser complexity

involving multiple coalitions of distinct petitioners raising a variety of issues, this Court has allocated a similar number of words to the petitioners. *See, e.g.,* Scheduling Order, *Am. Lung Ass'n v. EPA*, D.C. Cir. 19-1140, Doc#1826621 (Jan. 31, 2020) (52,500 total words allocated to petitioners, with 32,000 words allocated to petitioners who were coordinating on briefing); Scheduling Order, *Clean Wisconsin v. EPA*, D.C. Cir. No. 18-1203, Doc#1764265 (Dec. 14, 2018) (26,000 words allocated to multiple petitioners raising distinct issues). Moreover, given the grave public safety risks posed by respondents' authorization of the bulk transportation of LNG without adequate consideration of safety concerns, it is imperative that petitioners be able to fully brief all of the issues with the Rule.

Although respondents apparently believe petitioners can adequately brief these diverse issues in substantially fewer than 30,000 words, respondents will receive the same number of words and thus can assert no prejudice from the additional words requested by petitioners. If respondents can fully brief the issues in fewer words, they need not use the full allocation. But petitioners, by contrast, will be prejudiced if they are forced to omit or minimize certain arguments in order to comply with

12

a word count that is insufficient to fully brief the important issues presented in this case.

## 4. Respondents' Statement Regarding Proposed Word Allocation

Respondents believe that 30,000 words is excessive and that the case can be briefed in fewer words. Though Petitioners commit to avoiding overlapping arguments, they acknowledge that they share many of the same or at least substantially overlapping arguments relating to safety, adequacy of review under NEPA, and alleged APA violations.

This case is not of comparable complexity to Petitioners' cited examples. For instance, Petitioners' 52,500-word example (with 32,000 words for the petitioners that were coordinating their briefing) is from the litigation challenging the repeal of the Clean Power Plan, which involved three separate rulemakings and myriad issues that are absent here. *See, e.g.,* Order, *Am. Lung Ass'n v. EPA*, D.C. Cir. 19-1140, Doc. # 1863510 (Sept. 25, 2020) (order setting forth oral argument format and allocating 154 minutes of time total divided between issues).

At bottom, Respondents defer to the Court as to the appropriate number of words. Respondents ask the Court to grant them the same number of words as the Court allocates for Petitioners' opening briefs.

## CONCLUSION

For the reasons above, this Court should enter an order establishing a briefing schedule and format.

/s/ *Rebecca Jaffe*
TODD KIM
*Assistant Attorney General*
JUSTIN HEMINGER
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 305-0258
rebecca.jaffe@usdoj.gov

*Counsel for Respondents U.S. Department of Transportation, et al.*

Richard A. Du Bey
Nicholas G. Thomas
Aaron P. Riensche
OGDEN MURPHY WALLACE, PLLC
901 5th Ave, Suite 3500
Seattle, WA 98164
Tel: 206-447-7000
Fax: 206-447-0215
rdubey@omwlaw.com
nthomas@omwlaw.com
ariensche@omwlaw.com
**Attorneys for Petitioner the Puyallup Tribe of Indians**

LETITIA JAMES
Attorney General of the
State of New York

Andrea Oser*
Deputy Solicitor General
Brian Lusignan
Assistant Solicitor General
Michael J. Myers
Max Shterngel*
Assistant Attorneys General
Office of the Attorney General
The Capitol
Albany, NY 12224
Tel. (518) 776-2382
andrea.oser@ag.ny.gov
brian.lusignan@ag.ny.gov
michael.myers@ag.ny.gov
max.shterngel@ag.ny.gov
**Attorneys for Petitioner State of New York**

Bradley Marshall
Jordan Luebkemann
Earthjustice
111 S. MLK Jr. Blvd.
Tallahassee, FL 32301
850-681-0031
bmarshall@earthjustice.org
jluebkemann@earthjustice.org
**Attorneys for Petitioners Sierra Club, Center for Biological Diversity, Clean Air Council, Delaware Riverkeeper Network, Environmental Confederation of Southwest Florida, and Mountain Watershed Association**

ANTHONY G. BROWN
Attorney General of the
State of Maryland

Joshua M. Segal
Steven J. Goldstein*
Special Assistant Attorneys General
Office of the Attorney General
Baltimore, MD 21202
Tel. (410) 576-6446
jsegal@oag.state.md.us
sgoldstein@oag.state.md.us
**Attorneys for Petitioner State of Maryland**

*Not Admitted to the Bar of this Court

** Petitioners State of New York and State of Maryland represent that the other petitioners in Case No. 20-1318 consent to this submission.

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 2,146 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Rebecca Jaffe*
REBECCA JAFFE
*Counsel for Respondents*
